UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ANDRA HARRY,                                              :
                                                          :
                                  Plaintiff,              :
                                                          :        **MEMORANDUM AND ORDER**
                -against-                                 :
                                                          :        04 CV 4003 (DLI)(RML)
PENTAGROUP FINANCIAL, LLC.,                               :
                                                          :
                                  Defendant.              :
----------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge**:

Before the court is a motion for summary judgement pursuant to Fed. R. Civ. P. 56 by defendant Pentagroup Financial, LLC ("Pentagroup") with respect to plaintiff Andra Harry's ("plaintiff") claim that Pentagroup violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("the FDCPA"). For the following reasons, Pentagroup's motion for summary judgement is granted.

## Background

Pentagroup, a collection agency, was engaged to collect an alleged consumer debt of $135.91 owed by plaintiff to Cavalry Portfolio Services, Corp. Affidavit of Arthur Sanders in Support of Defendant's Motion for Summary Judgement ("Sanders Aff.") Exhibit A; Affidavit of James Thorpe in Support of Defendant's Motion for Summary Judgement ("Thorpe Aff.") ¶ 3; Complaint ¶ 9. On May 21, 2004, Pentagroup issued a letter to plaintiff attempting to collect the debt. Sanders Aff. Exhibit A. The letter read, in part, "[i]f payment is not made in a timely manner, further collection activity may be instituted. Your prompt attention to this matter is appreciated." *Id.* On September 15, 2004, plaintiff filed a putative class action alleging that the aforementioned language contradicted and overshadowed the "validation notice" required by 15

U.S.C. § 1692(g). The validation notice requires that the debt collector include language advising debtors that they have the right to dispute and/or verify the debt within thirty days of receiving the collection letter. Complaint ¶ 13. Defendant, for its part, claims that "[t]he letter at issue contains no language that contradicts or overshadows the validation notice provided in the letter in compliance with 15 U.S.C. § 1692(g)." Sanders Aff. ¶ 6; *See also* Thorpe Aff. ¶ 3.

## Discussion

I. **Standard of Review**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a summary judgement motion, the court must view all facts in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

Pentagroup's Local Rule 56.1 Statement asserts that it is undisputed that "[t]he letters issued to a plaintiff is in complete compliance with the Fair Debt Collection Practices Act." Despite being represented by able counsel, plaintiffs' opposition to Pentagroup's motion does not include an affidavit from a plaintiff, nor a Local Rule 56.1 Counter-Statement of Undisputed Facts contesting this statement. Thus, pursuant to this court's local rules, the statement is deemed admitted. *See* Local R. 56.1(c) ("[a]ll's material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement" of the nonmoving party). However, whether or not the language of a collection letter

violates the FDPCA is an issue of law to be decided by the court, and therefore plaintiffs' failure to contest it is not fatal to her opposition.[1] *See Building Service 32B-J Health, Pension and Annuity Fund V. Vanderveer Estates Holding, LLC,* 121 F. Supp.2d 750, 755 n1 (S.D.N.Y. 2000).

## II.  Alleged 15 U.S.C. § 1692(g) Violations

The FDCPA is a strict liability statute and "a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell V. Equifax*, 74 F.3d 30, 33 (2d Cir. 1996). "The most widely accepted test for determining whether a collection letter violates the FDCPA is an objective standard based on the 'least-sophisticated consumer.'" *Colmon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). "The basic purpose of the least-sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id*.

To accomplish its goals, the FDCPA requires certain language commonly referred to as a "validation notice" to be included in a debt collection letter.[2] The purpose of the validation

---

[1]  In her Memorandum in Opposition to Defendant's Motion for Summary Judgement ("Plaintiff's Memorandum") plaintiff states that she admits all but the fourth paragraph of defendant's Local Rule 56.1 Statement, which plaintiff correctly points out is an issue of law. However, plaintiff has not followed the local rules that require that "[t]he papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party." *See* Local R. 56.1(c).

[2]  15 U.S.C. § 1692(g) requires the following: "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day

3

notice is to provide the consumer with information necessary to challenge the debt allegedly owed before making payment to an independent collection agency. *See* § 1692(g)(a). A debt collector violates § 1692(g) of the FDCPA if it sends the debtor a collection letter that "overshadows or contradicts" or, in some cases, creates confusion as to the consumer's right to dispute the debt. *DeSantis v. Computer Credit Inc.,* 269 F.3d 159, 161 (2d Cir. 2001) ("[e]ven if a debt collector conveys the required information, the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty."); *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 660-61 (S.D.N.Y. 2006).

Here, plaintiff contends that Pentagroup's collection letter overshadowed the validation notice by stating "if payment is not made in a timely manner, further collection activity may be instituted." Plaintiff's Memorandum 4. Specifically, plaintiff contends that this statement can be interpreted to mean that plaintiff must pay the debt in full "in a timely manner" overshadowing plaintiff's right to dispute the debt within the statutory period. Moreover, the plaintiff contends that the statement "your prompt attention to this matter is appreciated" compounds the violation because the least savvy consumer would assume this means the debt must be paid before the period to challenge the debt has expired. Plaintiff's Memorandum 4.

Whether the particular wording of a letter violates the FDCPA is an issue of law that can be decided by a court on a motion for summary judgement. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292 (2d Cir. 2003) (finding as a matter of law that the defendant's collection

---

period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

letters were not false, deceptive or misleading to the least sophisticated consumer); *Berger v. Suburban Credit Corp.*, 04 CV 4006, 2006 WL 2570915, *3 (E.D.N.Y. Sept. 5, 2006) ("the Second Circuit has indicated that the determination of how the least sophisticated consumer would view language in a defendant's collection letter is a question of law because the standard is an objective one.").

The court finds that the language in the letter does not overshadow the validation notice and does not violate the FDCPA. In *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir.1998), the Second Circuit found that the debt collector's request for "immediate" payment did not, standing alone, violate the FDCPA. Rather, the court concluded that the debt collector's "violation of the Act consisted of its decision to ask for immediate payment without also explaining that its demand did not override the consumer's rights under Section 1692(g) to seek validation of the debt." *Id.* at 86. Here, the defendant eschewed from making a demand for immediate payment and only requests "timely payment." Sanders Aff. Exhibit A. Plaintiff makes a semantic argument that "timely" is synonymous with "immediate" or "signifies an amount of time to pay the debt shorter than the thirty-day period to dispute [sic] or seek verification of the same." Plaintiff's Memorandum 3."

Although its primary goal is consumer protection, "courts have consistently applied the least-sophisticated-consumer standard in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993). It is unreasonable to assume that any consumer, including the least savvy among them, would conflate a request for "timely" payment with a request for "immediate" payment. In contrast to the word "immediate," whose common meaning is "occurring, acting, or

accomplished with no loss of time, made or done at once" the word "timely" means "done or occurring at a suitable time." *See* Webster's Third New International Dictionary, 1129, 2395 (2002). Moreover, it would be unreasonable to interpret the language in the letter to require that payment be made in less than thirty days, especially when the validation notice, which clearly informs the reader of her right to dispute the validity of the debt, is only two paragraphs away. Taken together, the only reasonable interpretation of the word "timely" is that the debtor does not have to pay immediately, but may rather wait and exercise her rights during the statutory period allowed for doing so.

In any event, even assuming that an unsophisticated consumer would believe that "timely" means that payment must be made "immediately" or that payment must be made in less than thirty days to forestall additional collection activity, courts have found that similar warnings that do not explain that payment need only be made after the statutory period has elapsed do not overshadow the validation notice. *Rumpler v. Phillips & Cohen Assocs.*, 219 F. Supp.2d 251 (E.D.N.Y. 2002) ("[e]ven though the [l]etter states that payment must be sent in order to prevent further collection activity, nothing in this language 'overshadows' the validation notice at the bottom of the [l]etter."); *see also Lerner v. Forster*, 240 F. Supp.2d 233, 238 (E.D.N.Y. 2003) ("[i]t does not follow that simply because a collection letter instructs a consumer to contact a debt collector that the validation notice is necessarily overshadowed or contradicted.").

The court further finds that the portion of the letter that reads "your prompt attention to this matter will be appreciated" does not overshadow the validation notice. Again, it would be an unreasonable misinterpretation to find that this language requires that payment must be made immediately. Indeed, the "prompt attention" provided by the recipient could be to notify the

6

sender that the debt is disputed, or to seek the identity of the original debtor. There is no threat attached to Pentagroup's request for promptness. In contrast, the letter at issue in *Kline v. Surpas Resources Corp*, 98 CV 3830, Slip Op. *2 (E.D.N.Y. July 7, 1999) stated "if payment is not received promptly, we will pursue collection efforts." This is wholly different from Pentagroup's request for "prompt attention to the matter." Sanders Aff. Exhibit A. Being advised to attend to the matter promptly behooves the plaintiff since, if the plaintiff waits more than thirty days to attend to the matter, she loses many of her rights under the FDCPA.

A review of recent decisions demonstrates the large gap between the language of Pentagroup's notice and language courts have found overshadowed the validation notice. In *DeSantis v. Computer Credit, Inc.,* 269 F.3d 159 (2d Cir. 2001), language which "insists on" the debtor either providing a valid reason for failure to make payment or paying the debt overshadowed the validation notice, since the FDCPA requires the debtor to do neither within the thirty-day validation period. *Id.* at 162. Similarly, the statement "payment due immediately" at the top of the letter has been found to overshadow a validation notice. *Aramburu v. Healthcare Financial Services,* 02 CV 6535, 2005 WL 990995 *7 (E.D.N.Y, April 14, 2005). Finally, language that would lead the least sophisticated consumer to believe he has foregone his opportunity to request a validation of the debt is a violation of FDCPA. *Spira v. I.C. System, Inc.*, 05 CV 4367, 2006 WL 2862493 *5 (E.D.N.Y., Oct. 5, 2006). In contrast, the court finds that merely requesting "timely payment" and "prompt attention" does not violate FDCPA since it does not overshadow or contradict a debtor's FDCPA rights.

## **Conclusion**

For the reasons stated above, Pentagroup's motion for summary judgement is granted. The case is dismissed without costs to either party.

SO ORDERED.

DATED:     Brooklyn, New York
               March 14, 2007

_____/s/_____
DORA L. IRIZARRY
United States District Judge